IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSTY R. BURFORD, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2492-N |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant State Farm Lloyd's ("State Farm") motion for summary judgment [12]. Finding no genuine dispute as to material facts, the Court grants the motion for summary judgment. Accordingly, the Court denies State Farm's motion for leave to file summary judgment [12], motion to compel [16], and its objections to the jury charge as moot [34].

**I. ORIGINS OF THE MOTION**

This case arises from a dispute regarding insurance for Plaintiffs Rusty Burford and Molly Burfords' (collectively "Plaintiffs") residential property. State Farm insured Plaintiffs' property from April 30, 2022, to April 30, 2023. Pls.' Resp. 3 [31]. Plaintiffs filed an insurance claim, alleging damage to the home on April 20, 2023, from a hail and windstorm. *Id*. On September 1, State Farm inspected the property and issued a written denial. *Id*. State Farm's denial states that it "agrees there is covered damage caused by wind and hail to the areas identified in our estimate" but that there was also damage not

MEMORANDUM OPINION AND ORDER – PAGE 1

caused by the wind and hail. *Id.* Its denial letter included an attachment of the estimated damage from the wind and hail and included a note about Plaintiffs' deductible. Def.'s Reply App. 10 [33]. That note explained that, because Plaintiffs' loss was covered under their deductible, State Farm denied their claim. Plaintiffs then brought this suit.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

MEMORANDUM OPINION AND ORDER – PAGE 2

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

### III. THE COURT GRANTS SUMMARY JUDGMENT

Plaintiffs bring five claims: (1) breach of contract; (2) violations under chapter 541 of the Texas Insurance Code ("TIC"), *id*. §§ 541.051, 060–61, (3) tie-in violations of the Texas Deceptive Trade Practices Act ("DTPA"), (4) breach of good faith and fair dealing, (5) and a violation of the Texas Prompt Payment of Claims Act ("PPCA"), TEX. INS. CODE § 542.001, *et seq*. State Farm argues Plaintiffs lack evidence to support a genuine fact issue for trial and moves for summary judgment on each claim. The Court takes them in turn.

#### A. *Plaintiffs Do Not Have Summary Judgment Evidence of a Breach of Contract*

Under Texas law, "[i]n any insurance action, an insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 400 (Tex. 2016) (citation omitted). To prevail on a claim for breach of an insurance policy, a plaintiff must either actually complete repairs or designate an expert witness to opine about the estimated cost of necessary repairs. *Hart v. State Farm Lloyds*, 713 F. Supp. 3d 282, 286 (N.D. Tex. 2024); *see also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (holding that expert testimony is "essential" for proving the reasonable costs of reconstruction).

MEMORANDUM OPINION AND ORDER – PAGE 3

A lay witness may testify regarding the cost of repairs that have actually been performed on a property. *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 736 (5th Cir. 2010). Here, Plaintiffs are considered lay witnesses. Rusty Burford provided an unsworn declaration about the denial letter he received and the adjuster he hired. Pls.' App. Ex. B. He does not mention the cost of any repairs. Thus, Plaintiffs do not have summary judgment evidence of any repairs.

Plaintiffs have also not provided an expert to rebut State Farm's assessment of costs. Under the Federal Rules of Evidence, a lay witness may not testify regarding anything "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(c). The Fifth Circuit has held that an estimate to repair property damage requires "specialized knowledge of construction and repair work" and therefore is based on specialized knowledge within the scope of Rule 702. *See Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866, 868–69 (5th Cir. 2009) (unpub.). A repair cost estimate requires, "at a minimum, [a witness] to forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs. These forecasts are not common knowledge." *Id*.

Plaintiffs did not timely designate an expert. Plaintiffs attempted to designate Raymond Choate as an expert, but did so fifty-one days late. *See* Scheduling Order [6], Def.'s Reply App. E.

"A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

MEMORANDUM OPINION AND ORDER – PAGE 4

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).  Because Plaintiffs have not offered any justification for their delay, the Court excludes the testimony.[1] *See  Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Thus, Plaintiffs have failed to come forward with any evidence to show their policy covers their damage and cannot refute State Farm's findings.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming summary judgment where the court accepted undisputed facts because plaintiff failed to oppose summary judgment and offered no justification for why).  Accordingly, the Court grants summary judgment on Plaintiffs' breach of contract claim and concludes that Plaintiffs were not entitled to coverage.

### B.  Plaintiffs Do Not Have Summary Judgment Evidence of a PPCA violation

Chapter 542 of the Texas Insurance Code, also known as PPCA, authorizes parties to bring claims for improperly delayed payment of benefits.  TEX. INS. CODE § 542.058. To succeed on a PPCA claim, an insured must show that that the insurer, "after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delay[ed] payment of the claim." *Id*.

---

[1] Even if the Court were to accept Choate as timely, he does not meet Rule 702's expert requirements.  Plaintiffs do not include a resume, Choate's education, qualifications, or experience, and thus fail to provide, by a preponderance of the evidence, that he is a qualified expert.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 n.10 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) ("Rule [702] applies its reliability standard to all "scientific," "technical," or "other specialized" matters within its scope.").  Thus, Plaintiffs do not provide summary judgment evidence of coverage and causation.

MEMORANDUM OPINION AND ORDER – PAGE 5

State Farm did not violate PPCA. Because this Court held that Plaintiffs were not entitled to coverage, State Farm could not have been late in denying benefits Plaintiffs were not entitled to receive. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."). Accordingly, the Court grants summary judgment in favor of State Farm on Plaintiffs' PPCA claim.

### C. Plaintiffs Do Not Have Summary Judgment Evidence of Chapter 541 Violations

Plaintiffs bring seven claims under Chapter 541 of the Texas Insurance Code. Pls.' Pet. ¶¶ 5.15–6.18. Plaintiffs allege violations of (1) section 541.051; (2) section 541.060(a)(1)–(4), (7); (3) section 541.061; and (4) section 541.151. *Id*. Section 541.051 provides that it is an unfair method of competition or an unfair or deceptive act or practice for an insurer to misrepresent the terms, benefits, advantages, or dividends of a policy. TEX. INS. CODE §§ 541.051. Section 541.060(a) provides a cause of action against an insurer that engages in unfair settlement practices. *Id*. § 541.060. Section 541.061 governs misrepresentations of the insurance policy. *Id*. § 541.061. Finally, section 541.151 provides a private cause of action for unfair methods of competition or an unfair or deceptive acts or practices. *Id*. § 541.151.

As a threshold matter, Plaintiffs' Chapter 541 claims fail because they have failed to present evidence that would enable a reasonable jury to find in their favor on their claim for breach of the duty of good faith. To succeed on any of these Chapter 541 claims, the insured must prove that there were no facts before the insurer which, if believed, would

MEMORANDUM OPINION AND ORDER – PAGE 6

justify denial of the claim.  *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997).

The evidence shows that State Farm relied on its inspector and his report in denying Plaintiffs' claim.  Plaintiffs argue that State Farm's denial letter facially demonstrates its unreasonableness.  However, State Farm's estimate, which it attached to its denial letter, explains that there is no payment owed under the policy because the damage did not exceed Plaintiffs' deductible.  This is not evidence of an unreasonable basis.  *See Higginbotham*, 103 F.3d at 459.

The Court concludes that State Farm's inspection provided a reasonable basis for denial, or at the very least, a bona fide dispute of coverage.  *Id*., *Lyons v. Millers Casualty Insurance Co.,* 866 S.W.2d 597, 600 (Tex.1993).  Each of Plaintiffs' claims also fail for the following reasons.

*1. Sections 541.051, 541.060(a)(1), and 541.061.* – Plaintiffs' section 541.051, 541.060(a)(1), and 541.061(a) claims fail as a matter of law.  These provisions of the Texas Insurance Code apply to misrepresentations of the terms of coverage on its face.  Plaintiffs allege that State Farm misrepresented the terms of the policy and made "untrue statements" or omitted statements.  Pls.' Resp 10-11; Pls.' Pet. ¶¶ 5.15, 6.18.

Plaintiffs allege State Farm "misrepresented to [Plaintiffs] that they were covered for storm caused damages" and that "State Farm by and through its coverage denial letter" misrepresented facts or policy provisions.  Pls.' Pet. ¶ 5.15, Pls.' Resp. 10.  However, Plaintiffs fail to provide evidence, beyond conclusory statements, of a misrepresentation before loss.  Additionally, a post-loss statement cannot be grounds for a misrepresentation

MEMORANDUM OPINION AND ORDER – PAGE 7

claim because Plaintiffs could not have relied on it at issuance. *See, e.g.*, *Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *3 (N.D. Tex. 2015) (explaining that "an insurer does not misrepresent a policy when it disagrees with the insured party as to whether the policy covers a claim").

Plaintiffs' arguments focus on the wrongful denial of coverage rather than misrepresentations about the policy. Pls.' Resp 10–11. State Farm's letter states there was "covered damage caused by wind and hail" and "'additional' damage *not* caused by wind and hail." Pls.' Resp. App. Ex. 2. This, Plaintiffs argue, shows State Farm's actions contradict its statements. In other words, because State Farm acknowledged covered damage but refused to pay Plaintiffs, State Farm failed to reasonably investigate and attempt a fair settlement. Pls.' Resp. 8. However, a dispute about coverage is not a misrepresentation of the policy. *E.g.*, *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 530 (N.D. Tex. 2022) (granting summary judgment on a section 541.051 claim); *CapLOC LLC v. Liberty Mut. Ins. Eur. Ltd.*, 2021 WL 2551591, at *8 (N.D. Tex. 2021) (section 541.060(a)(1)); *Tex. Mut. Ins. Co. v. Morris,* 383 S.W.3d 146, 150 (Tex. 2012) (section 541.061). Thus, the Court grants summary judgment on Plaintiffs' section 541.051, 541.060(a)(1), and 541.061 claims.

***2. Section 541.060(a)(2).*** – Section 541.060(a)(2) requires State Farm to "attempt in good faith to effectuate a prompt, fair, and equitable settlement" and "to promptly provide . . . a reasonable explanation . . . for the insurer's denial of a claim." TEX. INS. CODE § 541.060(a)(2). However, such a claim fails where the insurer "had a reasonable basis for denying" the claim. *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d

MEMORANDUM OPINION AND ORDER – PAGE 8

848, 870 (5th Cir. 2014).  Here, given the Court's holding that Plaintiffs are not entitled to coverage for its claim, the Court also concludes that State Farm had a reasonable basis for denying coverage.  Accordingly, the Court grants summary judgment on Plaintiffs' section 541.060(a)(2) claim.

*3. Section 541.060(a)(3) and (4).* – Additionally, Plaintiffs lack summary judgment evidence for their section 541.060(a)(3) and (4) claims.  Section 541.060(a)(3) requires insurers to "provide to a policyholder a reasonable explanation of the basis in the policy in relation to the facts or applicable law."  TEX. INS. CODE § 541.060(a)(3).  Here, Plaintiffs' claim fails because they admitted that State Farm provided an explanation for the decision, and that they merely disagreed with it.  *See* Pls.' Pet. ¶ 5.03, Pls.' Resp. 11-12; *Birdow v. State Farm Mut. Automobile Insurance Co.*, 2021 WL 5448973, at *7 (N.D. Tex. 2021) (explaining that a challenge to the adequacy of an explanation is not sufficient to state a section 541.060(a)(3) claim).

The same reasoning applies to Plaintiffs' section 541.060(a)(4) claim.  Section 541.060(a)(4)(A), prohibits insurers from "failing within a reasonable time to affirm or deny coverage of a claim to a policyholder."  TEX. INS. CODE § 541.060(a)(3).  The record shows that State Farm affirmed or denied coverage in a reasonable time.  State Farm inspected the property within two weeks of receiving Plaintiffs' claim.  Def.'s Reply App. Ex. F.  Although Plaintiffs argue that Mr. Burford submitted a claim in May of 2023, or "about a month" after the storm, there is no evidence of this in the record.  Pls.' Resp. 11.  Mr. Burford's declaration states he submitted a claim but does not specify when.  State Farm's records show that they received Plaintiffs' claim on August 21, 2023.  Def.'s Reply

MEMORANDUM OPINION AND ORDER – PAGE 9

App. Ex. F.  Thus, State Farm has met its burden by negating the existence of a delay in violation of PPCA.  *See Celotex*, 477 U.S. at 322–25.

Courts have found similar and even longer response times reasonable as a matter of law.  *E.g.*, *Lee v. Catlin Specialty Ins. Co.*, 766 F.Supp.2d 812, 825 (S.D. Tex. 2011) (finding a six-month period reasonable); *Hansen v. State Farm Lloyds*, 2025 WL 963079, at *8 (S.D. Tex. 2025) (finding an initial coverage determination within two weeks reasonable).  Accordingly, the Court grants summary judgment on the section 541.060(a)(3) and (4) claims.

**4. Section 541.060(a)(7).** - Section 541.060(a)(7) prohibits insurers from "refusing to pay a claim without conducting a reasonable investigation."  TEX. INS. CODE § 541.060(a)(7).  However, Plaintiffs fail to cite subsection (a)(7) or offer any argument in their response to State Farm's motion.  Pls.' Resp. 10–11 (arguing only that State Farm "failed to" attempt a good faith settlement and provide a reasonable explanation and made misrepresentations).  "A party who inadequately briefs an issue is considered to have abandoned the claim."  *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).  Without more evidence, Plaintiffs fail to raise a genuine fact issue as to the reasonableness of State Farm's coverage determinations.  *See Bakri v. Nautilus Ins. Co.*, 2023 WL 1805142, at *5 (N.D. Tex. 2023).  Thus, the Court grants summary judgment as to Plaintiffs' chapter 541.060(a)(7) claim.

**5. Section 541.151** - Plaintiffs' claims under the section 541.151 fail for lack of damages.  Section 541.151(1) of the Texas Insurance Code provides that private persons may bring an action against an insurer only "for those damages caused by the other person

MEMORANDUM OPINION AND ORDER – PAGE 10

engaging in an act or practice . . . defined by Subchapter B [of Chapter 541] to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . . ." TEX. INS. CODE § 541.151(1).

In this case, Plaintiffs have asserted Chapter 541 claims for unfair settlement practices and for misrepresentation of insurance policy. *See* Pls.' Pet. ¶ 6.17. However, all of the alleged damage to Plaintiffs' property is attributable to the storm itself and not to State Farm's handling of their insurance claim. Because Plaintiffs have presented no evidence tending to show that State Farm's conduct caused any damage, the Court grants summary judgment as to the Plaintiffs' claims for unfair settlement practices and misrepresentation of insurance policy. *See Thomas v. Allstate Ins. Co.*, 2006 WL 2290840, at \*5 (Tex. App. – Houston [14th Dist.] 2006, no pet.) (affirming grant of summary judgment on Chapter 541, Subchapter B misrepresentation claim because plaintiff offered no evidence of damages).

## CONCLUSION

The Court grants State Farm's motion for summary judgment because Plaintiffs have not shown a genuine dispute of material fact for their breach of contract, PPCA, DTPA, and Texas Insurance Code chapter 541 claims. Finally, the Court denies State Farm's motion for leave to file summary judgment, motion to compel, and its objections to the jury charge as moot.

MEMORANDUM OPINION AND ORDER – PAGE 11

Signed July 28, 2026.

_____
David C. Godbey
Senior United States District Judge